UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EUGENIUSZ STRZALKA,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Civil Action No. 14-00645 (JLL)<br><br>OPINION |

**LINARES**, District Judge.

Before the Court is Eugeniusz Strzalka ("Plaintiff" or "Claimant")'s appeal, which seeks review of Administrative Law Judge ("ALJ") Richard West's denial of his application for a period of disability, disability insurance benefits, and supplemental security income ("SSI"). The Court resolves this matter on the parties' briefs pursuant to Local Civil Rule 9.1(f). For the reasons set forth below, the Court **AFFIRMS** the final decision of the Commissioner of Social Security.

I.     BACKGROUND

    A.     <u>Facts and Procedural History</u>

Plaintiff, Mr. Eugene Starzalka, a younger individual,[1] was born in Poland on July 26, 1966. He arrived in the United States in 1992, and is a legal resident. (R. at 58-59, 201).[2] In Poland, he trained as an electrician at a trade and technical school. He also worked there as an electrician, and more recently, between 1990 and until 2008, was self-employed, installing and

---

[1] 20 C.F.R. §§404.1563(c), 416.963(c)("If you are a younger person (under age 50), we generally do not consider that your age will seriously affect your ability to adjust to other work.")

[2] "R." refers to the pages of the Administrative Record.

repairing satellite dishes on the roofs of residential homes. *Id.* at 61-62. Plaintiff initially indicated that his alleged disability onset date was September 1, 2008. *Id.* at 235-40. From January to November of 2009, Plaintiff had performed substantial gainful work, earning approximately $12,000 from hiring others to do work for him and taking referral fees.[3] *Id.* at 239. Plaintiff also indicated that he earned extra money taking photographs, to avoid being jailed for non-payment of child support. *Id.* at 46-47.

Mr. Starzalka explained that he was physically limited due to injuries suffered in an automobile accident on April 22, 2006, and multiple surgeries to his left shoulder, neck, lower back, and left ankle. *Id.* at 25, 63, 1696. He indicated that he was recently diagnosed with diabetes, and presently weighed 190 pounds on a 5 foot, 5 inch frame, having lost 45 pounds to reduce the pressure on his lower back. *Id.* at 45, 314, 689. Plaintiff stated he could sit in one position for about 30 minutes before needing to stretch, and was able to walk slowly. *Id.* at 71. He also said that if he were required to walk for more than 3 hours, the pain inflicting his left ankle would require him to sit and do nothing the following day. *Id.* at 76. Plaintiff indicated he could not lift objects weighing more than 10 or 20 pounds. *Id.* at 250. He also stated he had difficulty reaching overhead with his left arm, but was able to reach overheard with his right arm. *Id.* at 250. Plaintiff is right-handed. *Id.* at 68.

On March 22, 2013, Plaintiff filed a claim with the Social Security Administration, alleging disabilities that began on September 21, 2008. The Administration denied the claim on October 9, 2010, and again, upon reconsideration on December 9, 2010. Plaintiff then filed a

---

[3] The ALJ found that Plaintiff had not engaged in substantial gainful activity (SGA) since September 1, 2008. (R. 22). Plaintiff's Brief requests that his disability onset date be amended to December 1, 2009 in light of his 2009 self-employment earnings. (R. 235-242, Pl. Br. 8-9). However, at the hearing, Plaintiff's counsel did not move to amend the alleged onset date, and it appears the ALJ simply gave Plaintiff the benefit of the doubt in finding that Plaintiff had not engaged in SGA since September 1, 2008. (R. 22).

request for a hearing before an ALJ. Said hearing occurred before ALJ Richard West on February 28, 2012. A supplemental hearing took place with a vocational expert (VE), Rocco Meola, on July 17, 2012. After reviewing the facts of Plaintiff's case, on August 30, 2012, ALJ West denied Mr. Strzalka's claim, on the grounds that Plaintiff was still able to perform a narrow range of sedentary work. Plaintiff sought Appeals Council review. The Appeals Council denied Plaintiff's request on December 2, 2013, rendering the ALJ's decision the final decision of the Commissioner.

    B.    <u>Plaintiff's Medical History</u>

Plaintiff alleges that he has been disabled since September 1, 2008 due to significant pains in his (1) left ankle, (2) neck, (3) lower back, and (4) left shoulder. (R. at 35, 63, 1696). Plaintiff appears to have become physically limited when he was involved in a car accident on April 26, 2006, and from multiple surgeries to his left shoulder, neck, lower back, and left ankle *Id.* at 35, 63, 1696. Mr. Strzalka also apparently suffers from diabetes and obesity, and experiences pain due to kidney stones and stomach problems. *Id.* at 68-69.

    1.    <u>Plaintiff's Left Ankle Impairment</u>

During the hearing on February 28, 2012, Mr. Strzalka testified that he had several surgeries on his left ankle and that he has "screws in there and some bolts - - some plastic bolts and some plastic fittings." (R. at 64). Plaintiff has experienced pain and discomfort in his left ankle over the span of several years.

In 2001 or 2002, Plaintiff slipped on ice and broke his left shoulder. On June 28, 2004, Plaintiff had surgery for repair of lateral ankle instability. *Id.* at 778. He underwent arthroscopic surgery on March 29, 2005. *Id.* Plaintiff continued to experience residual pain and underwent a second arthroscopic surgery in December 2005. Dr. William Slotter, a foot and ankle surgeon,

3

noted: "[t]he patient was last treated on March 28, 2008 with no swelling, no pain, and no complaints." *Id.* Dr. Slotter also wrote that the patient was discharged "with full resolution of all symptoms." In June 2008, Dr. Sheldon Lin examined a CT scan that depicted "osteochondral lesion medial aspect of the talar dome." *Id.* at 590. X-rays showed that Mr. Strzalka suffered from degenerative arthritis at the ankle joint. *Id.* at 570. In December 2009, Dr. Lin prescribed a brace for Mr. Strzalka for additional support for his ankle. *Id.* at 581. Plaintiff underwent reconstruction of the left peroneal tendon in February of 2010. *Id.* at 561-591. In his April 22, 2010 follow-up progress note, Dr. Lin stated that Plaintiff would "do well with some type of work hardening program." *Id.* at 572.

In September 2010, Dr. Mariam Rubani, a specialist in physical medication and rehabilitation, performed a consultative physical examination of Plaintiff. She noted: "[t]his claimant has a history of a left ankle fracture, which has required 6 surgeries over the last year-and-half." *Id.* at 689. Dr. Rubani provided diagnostic impressions of a variety of issues, including degenerative joint disease of Plaintiff's left ankle, and status post surgical repairs, with posterior tibal tendinitis. *Id.* at 690).

2. Plaintiff's Lower Back and Left Shoulder Impairments

Plaintiff underwent lumbar and cervical discectomies on November 12, 2008 and April 21, 2010, respectively. (R. at 24, 273-316, 621-644). Plaintiff sought treatment for his lower back pain from Dr. Kazimiers Szczech on August 1, 2010. *Id.* at 253, 258. Dr. Szcech ordered an MRI and a CT scan of Plaintiff's lower back and prescribed Percocet, a narcotic pain medication. *Id.* at 254, 259. Several weeks later, on August 23, 2010, Dr. Szczech provided a detailed medical history and a medical source statement at the request of the state agency. *Id.* at 25, 661-663. He expressed that Plaintiff's 2008 lumbar MRI showed herniated discs at the L4-L5, and

4

L5-S1 levels. *Id.* at 661. His diagnostic impressions were herniated lumbar discs, lumbar radiculopathy, and sprain and strain of the cervical spine. *Id.* Dr. Szczech also indicated that Plaintiff had received medication, L5-S1 joint injections, facet joint injections and underwent lumbar disc decompression surgery. *Id.*

In his medical source statement, Dr. Szczech indicated that Plaintiff could lift up to 20 pounds occasionally, stand or walk for up to 6 hours in an 8-hour day, and sit for up to 6 hours in an 8-hour day. *Id.* at 662. He further articulated that Plaintiff was limited in his ability to push, pull, bend, climb, and stoop. *Id.* Plaintiff continued to receive treatment from Dr. Szczech at least through December 2010. *Id.* at 253, 698-699.

On December 13, 2010, Dr. Szczech provided a second medical source statement, in which he noted that Plaintiff had been treated by multiple physicians for low back and neck pain since the motor vehicle accident in April 2006. *Id.* at 25, 699. In this statement, Dr. Szczech indicated that Plaintiff could lift up to 5 pounds occasionally, stand, or walk for less than 6 hours in an 8-hour day, and sit for less than 6 hours in an 8-hour day. He also concluded that Plaintiff was limited in his ability to push and pull and limited in his ability to bend, climb and stoop. *Id.* at 699.

Dr. Raymond Briski, a state agency physician, evaluated the medical evidence on record. *Id.* at 81, 696. Dr. Briski examined Plaintiff's diagnostic studies, examination findings, and his treatment history following the 2006 motor vehicle accident. *Id.* at 100. He also considered Plaintiff's treatment for kidney stones, and Dr. Sheldon Lin's treatment for degenerative ankle arthritis. *Id.* at 100-101. Dr. Briski found that Plaintiff could lift up to 20 pounds occasionally, up to 10 pounds frequently, stand or walk for 3 hours in an 8-hour day, and sit for about 6 hours in an 8-hour day. *Id.* at 102. He further indicated that Plaintiff was limited to occasional postural

changes, limited in his ability to push and pull, and limited in his ability to bend, climb, and stop. *Id.* at 103.

## II. LEGAL STANDARD

### A. The Five-Step Process for Evaluating Whether a Claimant Has a Disability

Under the Social Security Act, the Administration is authorized to pay a period of disability, disability insurance benefits, and supplemental security income to "disabled" persons. 42 U.S.C. §§ 423(a), 1382(a). A person is "disabled" if "he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A person is unable to engage in substantial gainful activity when his physical or mental impairments are "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Regulations promulgated under the Social Security Act establish a five-step process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1). At step one, the ALJ assesses whether the claimant is currently performing substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(f), 416.920(a)(4)(i). If so, the claimant is not disabled and, thus, the process ends. 20 C.F.R. §§ 404.1520(a)(4)(f), 416.920(a)(4)(i). If not, the ALJ proceeds to step two and determines whether the claimant has a "severe" physical or mental impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Absent such impairment, the claimant is not disabled. *Id.* Conversely, if the claimant has such impairment, the ALJ proceeds to step three. *Id.* At step three, the ALJ evaluates whether the claimant's severe

6

impairment either meets or equals a listed impairment. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If so, the claimant is disabled. *Id.* Otherwise, the ALJ moves on to step four, which involves three sub-steps:

> (1) the ALJ must make specific findings of fact as to the claimant's [RFC]; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the [RFC] to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work.

*Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 120 (3d Cir. 2000) (citations omitted). The claimant is not disabled if his RFC allows him to perform his past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). However, if the claimant's RFC prevents him from doing so, the ALJ proceeds to the fifth and final step of the process. *Id.*

The claimant bears the burden of proof for steps one through four. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007) (citing *Ramirez v. Barnhart*, 372 F.3d 546, 550 (3d Cir. 2004). "At step five, the burden of proof shifts to the ... Administration to show that the claimant is capable of performing other jobs existing in significant numbers in the national economy, considering the claimant's age, education, work experience, and [RFC]." Id. (citing Ramirez, 372 F.3d at 551).

B. The Standard of Review: "Substantial Evidence"[4]

This Court must affirm an ALJ's decision if it is supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting

---

[4] Because the regulations governing supplemental security income–20 C.F.R. § 416.920–are identical to those covering disability insurance benefits–20 C.F.R. § 404.1520–this Court will consider case law developed under both regimes. *Rutherford v. Barnhart*, 399 F.3d 546, 551 n. 1 (3d Cir.2005) (citation omitted).

*Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). To determine whether an ALJ's decision is supported by substantial evidence, this Court must review the evidence in its totality. *Daring v. Heckler*, 727 F.2d 64, 70 (3d Cir. 1984). However, this Court may not "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992) (citation omitted). Consequently, this Court may not set an ALJ's decision aside, "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citations omitted).

## III. DISCUSSION

At step one, ALJ West found that Plaintiff "ha[d] not engaged in substantial gainful activity since September 1, 2008, the alleged onset date." (R. at 22). At step two, the ALJ found that degenerative disc disease of cervical and lumbar spine, status post left ankle surgeries, radiculopathy, obesity, peroneal tendonitis, and left shoulder impingement were severe impairments. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met, or was the equivalent of, one of the listed impairments. *Id.* at 23. At step four, the ALJ determined that Plaintiff had the following RFC:

> [Plaintiff] has the [RFC] of less than the full range of sedentary work. He has the [RFC] for lifting and carrying objects weighing up to 10 pounds; standing and walking up to two hours in an eight-hour day; and sitting up to six hours in an eight-hour day. However, [Plaintiff] is precluded from climbing ladders, ropes, and scaffolds, and can perform all other postural functioning occasionally. Additionally, he is precluded from overhead reaching with the left upper extremity and is limited to frequent handling and fingering with the left upper extremity.

*Id.* at 22-23. As Mr. Strzalka was unable to perform his past relevant work as an electrician pursuant to the vocational expert's testimony, the ALJ proceeded to step five. *Id.* at 23. At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy

8

that the Plaintiff can perform. *Id.* at 26. Thus, ALJ West concluded that Mr. Strzalka was not disabled. *Id.* Plaintiff contends that this Court should reverse and remand the ALJ's decision because the ALJ's decision lacks substantial evidence at step two, three, four, and five. (Pl.'s Br. at 18). The Court addresses each of Plaintiff's arguments in turn.

    A.    <u>Whether the ALJ Erred at Step Two By Failing to Adequately Consider All of Plaintiff's Severe and Non-Severe Impairments, Individually, and in Combination.</u>

Claimant asserts that ALJ West's decision fails to satisfy the substantial evidence test at step two of the sequential evaluation because the decision does not adequately address the combined effects of his various orthopedic, neurological, and kidney impairments, as well as his diabetes, Hepatitis C, and his presumable non-severe mental impairments. (Pl.'s Br. at 13). At step two, the ALJ must determine whether the Plaintiff has a medically determinable impairment, or combination of impairments, that is "severe." 20 C.F.R. 404.1520(c), 416.920(c). An impairment or combination of impairments is "severe" if it significantly limits an individual's ability to perform basic work activities. *Id.* An impairment or combination of impairments is "not severe" when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. 404.1521, 416.921; Social Security Rulings (SSRs) 85-28, 96-3p, and 96-4p. If the Plaintiff does not have a severe medically determinable impairment or combination of impairments, he is not disabled. *Id.*

Mr. Strzalka admitted that he could lift and carry objects weighing 10 pounds or more. (R. at 250). He underwent a consultative examination with Dr. Rubani in September of 2010; Dr. Rubani noted that the range of Plaintiff's right shoulder, elbows, and wrists were full. *Id.* at 689. Plaintiff also had full grip and pinch strength and his knee ranging was full. *Id.* Drs. Briski and

9

Szczech both concluded that Plaintiff was capable of performing sedentary work; neither doctor restricted Plaintiff's ability to manipulate small objects. *Id.* at 25.

Plaintiff further asserts that ALJ West failed to accord sufficient weight to reports produced by Drs. Binder, Waldman, Ciffelli, Reiter, and Ragukonis. (Pl.'s Br. at 11-13). However, these individuals did not provide opinions concerning Mr. Strzalka's ability to work. Furthermore, Drs. Binder and Waldman treated Mr. Strzalka conservatively prior to his surgery in 2008. (R. at 285, 289). The evidence and findings provided by Drs. Binder, Waldman, and Lin concluded that Plaintiff was able to perform sedentary work. Additionally, ALJ West noted that the opinions of these medical professionals were "well supported and not inconsistent with the other substantial evidence." *Id.* at 25. Accordingly, ALJ West properly "gave these opinions great weight." *Id.*

It is also important to note that the opinion of Plaintiff's treating physician is not binding. The Third Circuit has consistently found that "the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." *Brown v. Astrue*, 649 F.3d 193, 197 n.2 (3d Cir. 2011). *See also Adorno v. Shalala*, 40 F.3d 43, 47-48 (3d Cir. 1994). The source of the medical opinion does not warrant "any special significance" as to determining a claimant's RFC, or whether an individual meets the definition of "disabled." *See* 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3); Social Security Ruling (SSR) 96-5p, 61 Fed. Reg. 34471, 34472 (1996). Finally, it was not necessary for ALJ West to reference every piece of relevant treatment note in the record. *Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 203-04 (3d Cir. 2008). As ALJ West noted, he considered the entire record and provided sufficient reasoning as to the weight he assigned to the various medical source statements. (R. at 25).

B.  Whether the ALJ Erred at Step Three By Failing to Adequately Consider if Plaintiff's Combined Impairments are Equivalent to a Listed Impairment, of the Listing of Impairments of 20 CFR. 404., App. 1. Part P.

Mr. Strzalka contends that the ALJ's finding lacks substantial evidence of the sequential evaluation in that it fails to adequately consider whether his combined impairments are equivalent to a listed impairment. (Pl.'s Br. at 15). At step three, the ALJ must determine whether the Plaintiff's impairments or combination of impairments is of a severity to meet, or is medically equivalent to, the criteria of an impairment listed in 20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926. If the Plaintiff's impairments or combination of impairments is of a severity to meet or medically equal the criteria of the listing and meets the duration requirement, the Plaintiff is disabled. 20 C.F.R. 404.1509, 416.909. The Third Circuit has held that an ALJ meets his obligation to consider a claimant's impairments in combination with each other if the ALJ explicitly indicates that he has done so and there is "no reason not to believe him." *Morrison ex rel. Morrison v. Comm'r of Soc. Sec.*, 268 F.App'x 186, 189 (3d Cir. 2008).

Plaintiff claims that ALJ West "simply cited the requirements of the regulations and then concluded that the listings did not apply." (Pl.'s Br. at 16). Plaintiff cites *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 120 (3d Cir. 2000), which provides that at step three, an ALJ "must provide a sufficient framework of reasoning for a court to consider to conduct 'meaningful judicial review of the ALJ's decision.'" *Poulous v. Comm'r of Soc. Sec.*, 474 F.3d 88, 93 (3d Cir. 2007) (quoting *Burnett*, 220 F.3d at 119). In providing such a framework, there is no formal or explicit requirement that the ALJ "use particular language or adhere to a particular format in conducting his analysis." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004). In fact, an ALJ satisfies the *Burnett* framework if a step three finding is issued "only after reviewing all the

11

objective medical evidence, including evidence of [claimant's] obesity, and explicitly state[s] which Listings [were] consider[ed]." *Poulous*, 474 F.3d at 93.

Here, ALJ West noted that one of Mr. Strzalka's severe impairments was obesity; he wrote that these impairments, "when considered either individually or in unison, significantly limit the claimant's physical abilities to do one or more basic work activities." (R. at 22). The ALJ provided adequate relevant evidence as to why Mr. Strzalka's impairments did not meet the requirements of Listing 1.02. *Id.* at 23. The ALJ also found that the record and evidence do not "support a finding of nerve root compression, spinal arachnoiditis or lumbar spinal stenosis," and that Claimant failed to meet Listing 1.04. Furthermore, Plaintiff has failed to point to any evidence in the record demonstrating that the combination of his obesity with one or more of his impairments meets a listing.

Finally, Claimant believes that the ALJ should have given more consideration to the regulations "in tandem," but fails to "explain how this consideration would have differed from the one provided, and we do not understand how it should have." *Williams v. Barnhart*, 87 F. App'x 240, 243 (3d Cir. 2004). Additionally, even if this Court determined that ALJ West's consideration of Mr. Strzalka's obesity at step three did not meet the *Burnett* framework, such an error would not warrant remand because it would be harmless. In *Rivera v. Commissioner of Social Security*, the Third Circuit refused to remand an ALJ's step three finding, despite the fact that it was conclusory, because there was "abundant evidence supporting the position taken by the ALJ, and comparatively little contradictory evidence." 164 F.App'x 260, 263 (3d Cir. 2006).

    C.    <u>Whether the ALJ Erred at Step Four By Failing to Consider All of the Plaintiff's Severe and Non-Severe Impairments in Determining Residual Functional Capacity.</u>

12

Plaintiff contends that though the ALJ found a few remaining jobs in the national economy that Plaintiff can still perform, the ALJ failed to consider all of Plaintiff's severe and non-severe impairments when determining his residual functional capacity ("RFC"). *See* Pl's. Br. 17. ALJ West found that Claimant Strzalka had the RFC "to perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a) except the claimant is precluded from climbing ladders, ropes and scaffolds and can perform all other postural functioning occasionally." (R. at 23).

The ALJ here found that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms. *Id.* at 24. However, the ALJ seriously doubted the credibility of Plaintiff's statements "concerning the intensity, persistence, and limiting effects of these symptoms." *Id.* He stated that the evidence contained in the extensive medical record is inconsistent with Mr. Strzalka's assertion of limited sitting. The ALJ also found that the "record reflects that the claimant's kidney pain has not continued at the same pace after treatment." *Id.*

### D. Whether the ALJ Erred at Step Five By Relying Upon a Defective Hypothetical Question to the Vocational Expert That Does Not Reflect All of the Plaintiff's Impairments.

ALJ West reasonably determined that Plaintiff Strzalka was capable of performing sedentary work and was precluded from climbing, reaching overhead with his left arm, and was limited to occasional postural changes and frequent handling and fingering with the left arm and hand. (R. at 23). Plaintiff's limitations were posed in a hypothetical question to vocational expert (VE) Rocco Meola at a supplemental hearing on July 17, 2012. *Id.* at 26, 50-51. Mr. Meola asserted that Plaintiff could perform the unskilled sedentary occupations of assembler, table worker, and carding machine operator. *Id.* at 51. Mr. Meola further stated that in New Jersey and New York, "these jobs in the aggregate, would exist in numbers of – in excess of 900. On the

national basis, they'd exist in numbers in excess of 30,000." *Id.* The Third Circuit has held that 200 jobs in the national economy was a significant number. *See, e.g., Craigie v. Bowen*, 835 F.2d 56, 58 (3d Cir. 1987). Moreover, ALJ West's determinations supported by the conclusions of the vocational expert, as well as the medical findings of Drs. Briski and Szczech, who both reported that Plaintiff was capable of performing sedentary work. *Id.* at 25.

## IV.   CONCLUSION

The Court has reviewed the entire record and, for the reasons discussed above, concludes that substantial evidence supports ALJ West's determination at Steps Two, Three, Four, and Five. Accordingly, the Court affirms the ALJ's decision. An Appropriate order accompanies this opinion.

DATED: February 11, 2015

JOSE L. LINARES
U.S. DISTRICT JUDGE